Dear Mr. Pelligrin:
You may continue to serve as an elected school board member with the Terrebonne Parish School Board while holding the position of Executive Director/CEO of the South Central Planning and Development Commission (hereafter the SCPDC) located in Thibodaux, Louisiana. This office has previously concluded same in response to this very issue in Attorney General Opinion 96-473, also authored by this writer. However, we will address other tangential issues which may have prompted this identical request.
An individual serving as school board member holds local elective office. The Executive Director of the SCPDC holds full-time local employment, as contemplated by LSA-R.S. 42:62(3), providing:
 (3) "Employment" means any job compensated on a salary or a per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
LSA-R.S. 42:63(D) of the Louisiana Dual Officeholding and Dual Employment laws pertinently provide:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office . . . . . (Emphasis added).
The prohibitions of LSA-R.S. 42:63(D) which might be of interest are two-fold. First, no person holding elective office may hold a full-time appointive office in the government of a political subdivision. Relevant to the appropriate characterization of the position of Executive Director is LSA-R.S. 33:134 which provides:
§ 134. Staff and finances.
 A commission may appoint such employees as it may deem necessary for its work, whose appointment, promotion, demotion, and removal shall be subject to the same general provisions as govern other corresponding civil employees of the parishes and municipalities cooperating to engage in regional planning. A commission may also contract with planning experts, engineers, architects, and other consultants for such services as it may require. The expenditures of a commission, exclusive of those made from funds received by gift, or grants of federal, state and other such agencies, shall be within the amounts appropriated for the purpose by the cooperating local legislative bodies which shall provide the funds, equipment, and accommodations necessary for a commission's work. (Emphasis added).
While LSA-R.S. 33:134 at first blush might lead one to believe that your position constitutes appointive office because of the phraseology "a commission may appoint such employees", the position of executive director is not one that is statutorily defined as an appointive office. An appointive office "is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment . . ." See LSA-R.S. 42:62(2). The office, while filled by appointment, nonetheless does not meet the other defined requirements, i.e., it is not established or authorized by the constitution or laws of this state. We determine that the office is one of employment as defined in LSA-R.S. 42:62(3), quoted above. As the Executive Director holds full-time employment rather than full-time appointive office, the first prohibition of LSA-R.S. 42:63(D) is inapplicable.
The second prohibition of LSA-R.S. 42:63(D) restricts an individual from holding elective office and any employment in the same political subdivision in which he holds an elective office. This prohibition is also inapplicable in the instant matter as the two positions fall within separate political subdivisions, i.e., the school board and the planning commission. The planning commission is a special regional district under LSA-R.S. 42:63(9) which defines "political subdivision" as follows:
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition, for the purposes of this part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions. (Emphasis added).
Note further that there is a distinction to be made between your employment as Executive Director and holding membership on the planning commission. Were you to hold membership on the planning commission, you could legally hold no other elective office, as LSA-R.S. 33:103(C) provides:
 Sec. 103. Planning commission; membership; appointment
 C. (1) All members of a commission, whether a parish or a municipal planning commission, shall serve without compensation and shall hold no other public office, except they may also serve as members of any duly constituted regional commission of which their parish or municipality forms a part. (Emphasis added).
This restriction is inapplicable because you are not a board member.
Having dispensed with those additional questions which may have caused you concern, we again address the legality of your holding full-time employment as Executive Director of the South Central Planning Development Commission of Thibodaux while holding the local elective office of school board member. It remains the opinion of this office that you may continue to serve in both positions without violating the law.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams